UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DALTON LOREN SMITH,

           Plaintiff,

    v.

PIERCE COUNTY, *et al.*,

           Defendants.

CASE NO. 3:23-CV-5061-DGE-DWC

ORDER DECLINING TO SERVE

    Plaintiff Dalton Loren Smith, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's complaint under 28 U.S.C. § 1915A, the Court declines to serve Plaintiff's complaint but provides Plaintiff leave to file an amended pleading by March 24, 2023 to cure the deficiencies identified herein.

**I.    Background**

    Plaintiff, who is currently a convicted and sentenced state prisoner confined at the Pierce County Jail, asserts claims arising out of his criminal proceedings in Pierce County superior court. Dkt. 1 at 4–7. Plaintiff brings claims against Pierce County, as well as his defense counsel and the prosecuting attorney. His complaint alleges claims of ineffective assistance of counsel

and a due process violation for failing to secure his presence at an omnibus hearing in superior court. *Id*. As a result, he claims to have suffered emotional and mental stress and financial loss. *Id*. at 7. As relief, Plaintiff seeks monetary damages. *Id*. at 9.

## II.     Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th

Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

### A.     Municipal Liability

Plaintiff names Pierce County as a defendant in this case. A municipality qualifies as a "person" who may be held liable under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).

To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Monell*, 436 U.S. at 690–91. A plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992).

A municipality "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original). Similarly, mere negligence in training employees cannot support municipal liability; instead, plaintiff must allege facts demonstrating the failure to train amounts to deliberate indifference to the rights of those who deal with municipal employees. *City of Canton*, 489 U.S. at 388–89. Finally, a single incident of unconstitutional action is generally insufficient to state a claim for municipal liability. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1154 (9th Cir. 2021).

Plaintiff has not alleged facts supporting the County's liability under *Monell*. He has not identified a policy that is the moving force behind the constitutional violations alleged in the complaint, and he has not alleged facts establishing that any such policy amounts to deliberate indifference of his constitutional rights. If plaintiff wishes to pursue claims against Pierce County, he must file an amended complaint that corrects these deficiencies.

### B.     Prosecutorial Immunity

Plaintiff names Sean Plunket, a Pierce County prosecuting attorney, as a defendant in this case. Dkt. 1. Prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope,* 793 F.2d 1072, 1076 (9th Cir. 1986) (*citing Imbler*, 424 U.S. at 430-31). "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (quoting *Imbler*, 424 U.S. at 427). As Defendant Plunket is a prosecutor and has immunity, Plaintiff must show cause why this defendant should not be dismissed as a party in this case.

### C.     *Heck* Bar

Plaintiff's claims directly challenge the validity of his conviction. Specifically, Plaintiff claims: (1) he received ineffective assistance of counsel in his criminal proceedings (Dkt. 1 at 4–5); and (2) he was denied a fair trial when he was prevented from attending an omnibus hearing in connection with his criminal proceedings (*Id*. at 6). Because these claims challenge the validity of Plaintiff's conviction, they are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

A plaintiff may only recover damages under § 1983 for allegedly unconstitutional imprisonment, or for any other harm caused by actions whose unlawfulness would render the

imprisonment invalid, if he can prove the conviction or other basis for confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87. A "§ 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to the conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis in original).

Here, Plaintiff's allegations stem from actions taken by counsel and Pierce County relating to his trial and that led to his conviction. Dkt. 1. Plaintiff alleges his rights were violated and he was denied a fair trial. *Id*. Thus, the Court could only grant Plaintiff the relief he seeks by invalidating his underlying conviction.

As Plaintiff's allegations amount to an attack on the constitutional validity of his underlying conviction, his claims may not be maintained under § 1983 unless Plaintiff can show the conviction has previously been invalidated. *See Heck*, 512 U.S. at 486–87; *Ramirez v. Galaza*, 334 F.3d 850, 855–56 (9th Cir. 2003). Plaintiff does not allege his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. As Plaintiff's current conviction has not been reversed and as the validity of the conviction would be called into question if Plaintiff were to prove the facts of this case, his claims are barred by *Heck*. Therefore, Plaintiff must show cause why his ineffectiveness of counsel and due process claims should not be dismissed as *Heck* barred.

ORDER DECLINING TO SERVE - 5

### III. Instruction to Plaintiff and the Clerk

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original Complaint, and not as a supplement. Any cause of action alleged in the original complaint that is not alleged in the amended complaint is waived. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled in part on other grounds*, *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012).

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **March 24, 2023**, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send plaintiff a copy of this Order and the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 22nd day of February, 2023.

David W. Christel
United States Magistrate Judge