UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DALTON LOREN SMITH,

        Plaintiff,

v.

PIERCE COUNTY, et al.,

        Defendants.

CASE NO. 3:23-CV-5061-JNW-DWC

REPORT AND RECOMMENDATION

Noting Date: June 9, 2023

    The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Dalton Loren Smith, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. *See* Dkt. 1. On February 22, 2023, the Court screened Plaintiff's complaint. Dkt. 6 ("Order"). The Court declined to serve the complaint due to deficiencies and directed Plaintiff to file an amended complaint on or before March 24, 2023. *Id*. The Court warned Plaintiff that if he failed to file an amended complaint or otherwise respond to the Order the undersigned would recommend dismissal of this action. *Id*.

    On March 6, 2023, the Order and another filing that had been mailed to Plaintiff were returned to the Court as undeliverable. Dkt. 8. Plaintiff provided the Court with an updated

REPORT AND RECOMMENDATION - 1

address on April 24, 2023. Dkt. 11. Because it did not appear Plaintiff received the Order, the Court resent the Order to Plaintiff on May 4, 2023. *See* Dkt. 6 (docket text indicating order was resent with printing instructions May 4, 2023).

Plaintiff has failed to comply with the Court's Order. The deadline to respond to the Order was March 24, 2023. Plaintiff has not sought an extension of time, filed an amended complaint, or otherwise responded to the Order. Further, as discussed in the Order, Plaintiff has failed to state a claim upon which relief can be granted. *See* Dkt. 6. Plaintiff has not alleged facts showing Pierce County is liable under § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Additionally, Defendant Sean Plunket has prosecutorial immunity, *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976), and Defendant Nick Ainslie, Plaintiff's defense attorney, is not a state actor and cannot be liable under § 1983, *Polk Cty. v. Dodson,* 454 U.S. 312, 318 (1981). Therefore, the Court recommends this case be dismissed without prejudice for failure to follow a Court order and failure to state a claim upon which relief can be granted.

As Plaintiff failed to state a claim upon which relief could be granted in the complaint, the Court finds this case should be considered a "strike" under 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

1 | imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on June
2 | 9, 2023, as noted in the caption.

3     Dated this 25th day of May, 2023.

*/s/ David W. Christel*

David W. Christel
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 3